UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| **Heloisa Jager**, | § § § |
| Plaintiff, | § Case No. § |
| v. | § § |
| **Hunter Warfield, Inc.**, | § Complaint and Demand for Jury Trial § |
| Defendant. | § § § |

## COMPLAINT

Heloisa Jager (Plaintiff), by and through her attorneys, Kimmel & Silverman, P.C., alleges the following against Hunter Warfield, Inc. (Defendant):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") and the Telephone Consumer Protection Act (TCPA), 47 U.S.C. §227 *et seq.* ("TCPA").

## JURISDICTION AND VENUE

2. This Court has subject-matter jurisdiction over the FDCPA claims in this action under 15 U.S.C. § 1692k(d), which states that FDCPA actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and under 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. This Court has subject-matter jurisdiction over the TCPA claims in this action under 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising

1

under the laws of the United States. This jurisdiction was specifically confirmed to apply to cases under the TCPA by <u>Mims v. Arrow Financial Services, LLC</u>, 565 U.S. 368 (2012)

4. This Court has personal jurisdiction over Defendant because Defendant regularly conducts business in the State of Texas and because the occurrences from which Plaintiff's cause of action arises took place and caused Plaintiff to suffer injury in the State of Texas.

5. Venue is proper under 28 U.S.C. § 1391(b)(2).

## PARTIES

6. Plaintiff is a natural person residing in Friendswood, Texas 77546.

7. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

8. Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

9. Defendant is a business entity with principal place of business at 4620 Woodland Corporate Boulevard, Tampa, Florida 33614.

10. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

11. Defendant is a "person" as that term is defined by 47 U.S.C. § 153(39).

12. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and/or insurers.

## FACTUAL ALLEGATIONS

13. Plaintiff has a cellular telephone number.

14. Plaintiff has only used this phone number as a cellular telephone.

15. By way of background, beginning in or around October 2016, Defendant began placing repeated harassing telephone calls to Plaintiff's cellular telephone.

16. When contacting Plaintiff, Defendant used an automated telephone dialing system and/or pre-recorded voice.

17. Plaintiff knew that Defendant's calls were automated calls as the calls would start with a prerecorded voice before being connected with Defendant's live representatives.

18. Defendant's calls were not for emergency purposes.

19. Frustrated by the repeated calls, Plaintiff told Defendant in or around March 2017 to stop calling her.

20. On subsequent calls through May 2017, Plaintiff repeated her instruction to Defendant not to call.

21. Once Defendant was informed that Plaintiff wanted it to stop calling, its continued calls could have served no lawful purpose.

22. Despite Plaintiff's clear demand to refrain from contacting her, Defendant persisted in calling Plaintiff on her cellular telephone through to December 2017.

23. Defendant's incessant calls were bothersome, disruptive and frustrating for Plaintiff to endure, especially when Defendant would contact Plaintiff while she was attending job interviews.

24. Ultimately in order to get the calls to stop Plaintiff was forced to download an application to her cellular telephone to block Defendant's calls.

25. Defendant's actions as described herein were taken with the intent to harass, upset and coerce Plaintiff to pay the alleged debt.

## COUNT I
## **DEFENDANT VIOLATED §§ 1692d AND 1692d(5) OF THE FDCPA**

26. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

27. Section 1692d of the FDCPA prohibits debt collectors from engaging in any conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt.

28. Section 1692d(5) of the FDCPA prohibits debt collectors from causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with the intent to annoy, abuse or harass any person at the called number.

29. Defendant violated both section 1692d and 1692d(5) of the FDCPA when it placed repeated harassing telephone calls to Plaintiff between February 2017 and December 2017 and when it continued to call Plaintiff after being instructed to stop calling in or around March 2017.

## COUNT II
## **DEFENDANT VIOLATED THE TCPA**

30. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

31. Section 227(b)(1)(A)(iii) of the TCPA prohibits placing calls to a cellular telephone using an automatic telephone dialing system and/or prerecorded or automated voice.

32. Defendant initiated multiple automated telephone calls to Plaintiff's cellular telephone number.

33. Defendant initiated these automated calls to Plaintiff using an automatic telephone dialing system.

34. Defendant initiated multiple telephone calls to Plaintiff's cellular telephone number with a prerecorded or automatically generated voice.

35. After Plaintiff revoked consent, Defendant's calls to Plaintiff's cellular telephone were not made with Plaintiff's prior express consent.

36. Defendant's calls to Plaintiff's cellular telephone were not made for emergency purposes.

37. Defendant's conduct violated § 227(b)(1)(A)(iii) of the TCPA by placing repeated calls using an automatic telephone dialing system and/or prerecorded or automated voice to Plaintiff's cellular telephone.

38. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

39. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

40. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and treble damages.

Wherefore, Plaintiff, Heloisa Jager, respectfully prays for judgment as follows:

    a. All actual damages Plaintiff suffered (as provided in 15 U.S.C. § 1692k(a)(1));

    b. Statutory damages of $1,000 for the violation of the FDCPA (as provided under 15 U.S.C. § 1692k(a)(2)(A))

    c.    All reasonable attorneys' fees, witness fees, court costs, and other litigation costs (as provided under 15 U.S.C. § 1693k(a)(3));

    d.    All actual damages Plaintiff suffered (as provided under 47 U.S.C. § 227(b)(3)(A));

    e.    Statutory damages of $500.00 per violative telephone call (as provided under 47 U.S.C. § 227(b)(3)(B));

    f.    Treble damages of $1,500.00 per violative telephone call (as provided under 47 U.S.C. § 227(b)(3));

    g.    Injunctive relief (as provided under 47 U.S.C. § 227(b)(3)); and

    h.    Any other relief this Honorable Court deems appropriate.

## **DEMAND FOR JURY TRIAL**

Please take notice that Plaintiff, Heloisa Jager, demands a jury trial in this case.

Respectfully submitted,

Dated: 5/2/18

By: *s/ Amy L. Bennecoff Ginsburg*
Amy L. Bennecoff Ginsburg, Esq.
Attorney-in-Charge for Plaintiff
Pennsylvania Bar No. 202745
Federal Bar No. 1477508
Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, Pennsylvania 19002
T: 215-540-8888 x167
F: 215-540-8817
Email: teamkimmel@creditlaw.com